366 December 31, 2025 No. 1166

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. T. P.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

J. T. P.,
*Appellant.*

Washington County Circuit Court
20JU01132; A183864

Michele C. Rini, Judge.

Argued and submitted November 05, 2025.

Ginger Fitch argued the cause for appellant. Also on the brief was Youth, Rights & Justice.

Patricia G. Rincon Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Youth appeals from a juvenile court order that required him to report as a sex offender pursuant to ORS 163A.025. Youth contends, first, that the juvenile court applied the incorrect legal standard in mandating that youth report as a sex offender and, second, that the evidence compelled the trial court to relieve youth of the reporting requirement as a matter of law. For the reasons set out below, we affirm.

A detailed recitation of the facts would not benefit the parties, bench, or bar. In sum, in 2021, the juvenile court adjudicated youth for four sexual offenses that he committed at age 14 and placed him on probation. In 2024, prior to terminating probation, the juvenile court held a hearing and ordered youth to report as a sex offender.

Before ordering a youth to comply with the sex offender reporting requirement, a juvenile court must hold a hearing at which the youth bears the burden of proving by "clear and convincing evidence" that they are "rehabilitated and do[] not pose a threat to the safety of the public." ORS 163A.030(1)(a), (7)(b). The Supreme Court has clarified that evaluating whether a youth has met their burden entails a factual inquiry, under which a youth must prove that it is "highly probable" that they are rehabilitated and pose a "low risk" of committing future sex offenses. *State v. A. R. H.*, 371 Or 82, 95, 530 P3d 897 (2023); *see also State v. X. E. W.*, 331 Or App 1, 13, 546 P3d 288 (2024) (noting that, consistent with *A. R. H.*, the proper standard is "low risk" rather than "no risk" of recidivism). In determining whether a youth has met their burden, the juvenile court may consider an extensive list of pre-adjudicatory and post-adjudicatory factors set out in ORS 163A.030(8). Among other things, the factors account for the nature and circumstances of the conduct that brought a youth under the juvenile court's jurisdiction, as well as a youth's treatment engagement and probation conduct. ORS 163A.030(8)(a) - (g), (L), (p).

To start, we are unpersuaded by youth's argument that this is an "exceptional" case warranting *de novo* review. *See* ORAP 5.40(8); ORS 19.415(3)(b). We have granted

*de novo* review in cases where a juvenile court ordered a youth to report as a sex offender before the Supreme Court's decision in *A. R. H.*, which clarified the standard for assessing a youth's risk of recidivism. 371 Or at 95. Given the timing of those proceedings relative to *A. R. H.*, we were concerned that the juvenile courts had applied the incorrect legal standard. *X. E. W.*, 331 Or App at 2, 13; *State v. K. L. F.*, 333 Or App 434, 440, 552 P3d 722 (2024).

In contrast, there is no indication that the juvenile court in this case misunderstood the applicable legal standard. Here, the juvenile court conducted its assessment of youth several months after *A. R. H.* became law and even indicated that, prior to the hearing, it had read *X. E. W.*, a case in which we reviewed the youth's case *de novo* to apply the proper standard post-*A. R. H.* 331 Or App at 13. Because this case is not "exceptional," we decline to engage in *de novo* review.

We are therefore bound by the standard of review set out in *A. R. H.*, and we ask "whether the evidence in the record, together with all reasonable, nonspeculative inferences that the factfinder could have drawn from the evidence, permitted the [juvenile] court's finding" that youth did not meet his burden. 371 Or at 84.

Youth argues that the juvenile court's determination that he failed to meet his burden is "irreconcilable" with the evidence, particularly the evidence demonstrating his successful completion of the recommended treatment. He contends that his "intervening treatment and changed behavior" precludes the use of his four probation violations to establish a "nonspeculative nexus" to a current risk of reoffending.[1] *Cf. X. E. W.*, 331 Or App at 11 (requiring a "nonspeculative nexus" to a youth's recidivism risk where a juvenile court exclusively relies on pre-adjudicatory factors).

But that contention is not supported by law. ORS 163A.030(8) "permits the juvenile court to weigh youth's

---

[1] Youth accrued four probation violations while under the juvenile court's supervision. Those probation violations involved his marijuana use, social media use, and consensual sexual conduct. Several months before the hearing, youth violated probation for the final time by accessing pornography and vaping nicotine.

successful completion of treatment *with a variety of other factors*," *A. R. H.*, 371 Or at 99 (emphasis added), including his probation conduct, ORS 163A.030(8)(p). The Supreme Court has accordingly endorsed an "individualized inquiry" approach, under which no particular factor is entitled to "greater weight." *A. R. H.*, 371 Or at 97-98.

Consistent with that framework, the juvenile court indicated at the hearing that it would consider youth "as an individual" with the evidence. In particular, youth's probation violations, including one for accessing pornography occurring "less than a year" before the hearing, gave the juvenile court pause. At the hearing, the juvenile court expressed concern with the recency of that violation and its relatedness to youth's "history and the nature of the allegations."

To be sure, youth's probation violations involve conduct that could be characterized as typical adolescent behavior—consensual sexual conduct and the use of social media, nicotine, marijuana, and pornography. And, as youth points out, he successfully completed treatment. However, our task is not to reweigh the evidence. Instead, the standard of review asks only whether the record permitted the juvenile court to make the ruling that it did. And on this record as a whole, the timing, nature, and pattern of the probation violations, together with other evidence of youth's pre-adjudicatory and post-adjudicatory behavior, support a nonspeculative inference that he did not meet his burden of proving his rehabilitation. Therefore, the juvenile court did not err when it ordered youth to report as a sex offender.

Affirmed.